## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| W & T TRAVEL SERVICES, LLC, )<br>7701 Penn Belt Drive )<br>Forestville, Maryland 20747 )<br> )<br> )<br>     Plaintiff )<br> )<br>v. )<br> )<br>PRIORITY ONE SERVICES, INC., )<br>6600 Fleet Drive )<br>Alexandria, Virginia 22310 )<br> )<br> )<br>     Defendant )<br> )<br>_____ ) | Civil Case No. 13 - 1617 |

### COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

COMES NOW Plaintiff, W & T Travel Services, LLC, ("W&T Travel"), by and through undersigned counsel, who files this complaint and states as follows:

### I

### NATURE OF THE ACTION

1. Plaintiff seeks to enjoin Defendant Priority One Services ("Priority One") from proceeding with a second demand for arbitration in this matter because such action arises under the same facts, agreement, and transaction as the first arbitration.  Defendant is precluded from seeking additional damages in this matter because of issues of finality of judgments and the doctrines of collateral estoppel and *res judicata*.

2.  W&T Travel seeks a declaratory judgment, pursuant to U.S.C.  § 2201, requesting this Court to declare the arbitration award of October 18, 2010 and this Court's confirmation of that award in its Orders of August 23, 2011 and January 22, 2011, to be the final determination of the issues related to the Subcontract in that action and to bar Priority One from re-litigating the issues and claims of the Panel decision and Court Orders.   Plaintiff also requests that this Court stay the pending matter before the AAA until the rights of parties are ultimately decided by this Court.

3.  Finally, Respondent asserts that this second arbitration is frivolous and is being done only to harass Plaintiff.  W&T TRAVEL seeks attorney's fees, costs and other unspecified damages.

## II

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter because: the case involves an issue involving a federal statute, pursuant to U.S.C. § 2201; the case involves a matter under the Constitution of the United States pursuant to 28 U.S.C. § 1331; geographical diversity exists between the parties; Venue is proper under 28 U.S.C .A. § 1391(e) because the arbitration proceeding was held in Washington, D.C. and this Court confirmed the arbitration award pursuant to the Federal Arbitration Act.

## III

## PARTIES

5.  W&T Travel, the plaintiff in this matter, is a small business that provides transportation services to the federal government and commercial companies.  It is a limited

liability company organized under the laws of the State of Maryland with its business located in

Forestville, Maryland

6.  Priority One, upon information and belief, also provides transportation and other

services to the federal government.  It is a corporation organized under the laws of the state of

Virginia with its offices located in Alexandria, Virginia.

## IV

## BACKGROUND

7.  After an arbitration proceeding between Plaintiff and Defendant in August 2010, an

Arbitration Panel ("Panel") issued an arbitration award dated October 18, 2010, in favor of

Priority One.  In the decision the Panel stated that:  "This decision is a final Award as to all

claims and the Claimant's motion for partial summary judgment, and other relief submitted to

this arbitration.  All claims not expressly granted herein are hereby, denied."

8.  Priority One failed to file a motion or any other pleading seeking modification of the

arbitration award, including any request for the splitting of claims for damages, within the time

deadlines rules of the American Arbitration Association or under the Federal Arbitration Act.

9.  In fact during the arbitration proceedings Priority One argue that Plaintiff's

termination of Defendant's Subcontract to be a "material breach" by W&T Travel, which, even

under Maryland law, constituted an acknowledgment that the Subcontract would no long be in

effect after the arbitration proceeding.

10.  On November 3, 2010, Priority One filed a petition to confirm the arbitration award

with this Court. U.S. District Court for the District of Columbia, Civil Case No. 10-1873 (BAH).

11.   On January 18, 2011, W&T Travel filed a Motion to Vacate, Modify, and Correct Arbitration Award ("Motion to Vacate"), challenging the arbitration award.

12.   On August 23, 2011, this Court issued a Memorandum Opinion confirming the arbitration award in part and correcting the arbitration award in part.

13.   In an Order dated January 22, 2012, this Court entered "final judgment" in favor of Priority One.

14.   On February 17, 2012, Respondent filed a Notice of Appeal of this Court's Order.

14.   After consideration of the appeal, the U.S. Court of Appeals for the District of Columbia Circuit issued a Mandate, dated May 3, 2013, which affirmed this Court in relevant part, stating that "… a reasonable justification for its damages award may be gleaned from the record.  The standard of review permits us to make no further inquiry."

15.   In a second Demand for Arbitration dated October 8, 2013, Priority One claimed for the first time that "Priority One could not get complete relief" in the first arbitration because, "at that time, certain events that entitle Priority One to damages had not yet occurred" and that Defendant is entitled to damages for Option Years 3 and 4.   Yet Priority One made no mention of "complete relief" or "certain events that had not yet occurred" during the initial arbitration proceedings.  In fact Defendant requested damages for all options years during the arbitration proceeding and the Panel rejected Priority One's request for Option Years 3 and 4.

16.   Priority One also argues in its Demand that the second arbitration "concerns transactions different than the first arbitration." This is not true, however, because the basis of Defendant's new claims for damages are derived from the same, now obsolete, Subcontract that was ruled upon in the October 18, 2013 arbitration decision, which decision was confirmed in relevant part by this Court.

17.   In addition, Priority One claims that it is due more damages than it received in the arbitration because W&T Travel was awarded the re-competition for the prime contract with the federal agency, and under the previous Subcontract between the parties, W&T Travel promised to retain Priority One as the subcontractor.  However, during the arbitration proceedings, Priority One never argued for damages that would ensue from a re-competition of the prime contract, although it could have.  Indeed, the Panel ruled that "[A]ll claims not expressly granted herein are hereby, denied."

18.   In fact Priority One was on a team that competed *against* W&T Travel in the re-competition.  And, during the re-competition W&T Travel had to write Priority One a "cease and desist" letter admonishing Defendant to stop trying to induce Plaintiff's employees to breach their confidentiality and covenant not to compete agreements with W&T Travel.

19. W & T Travel has advised the AAA that the arbitrator has no jurisdiction over this matter and that W&T Travel no longer has a subcontract with Priority One.  W&T Travel asserted that the arbitration clause in the Subcontract is no longer applicable and that the arbitration award that was issued in October 2010, was final as to all claims, by its own words.  Finally, W&T Travel indicated that it would not submit to a "second" arbitration in this matter and would be filing the appropriate pleadings in Federal court to enjoin the arbitration proceedings and dismiss the arbitration demand.

20.   Priority One seeks additional damages from a Subcontract that is no longer applicable.  Thus, Defendant should be barred from pursuing additional damages for a number of reasons:

## <u>COUNT ONE – ARBITRABILITY AND FINALITY</u>

21.   W&T Travel re-alleges Paragraphs 1-20 as if set forth fully herein.

22.   This case is not arbitrable.  Priority One has no basis for filing a second demand for arbitration against W&T Travel because there is no contractual agreement between the parties which authorizes such arbitration.  The Subcontract which the parties entered into in August 2008, and upon which POS relies, is no longer in existence and therefore no longer applicable.

23.  In its arbitration decision of October 18, 2010, the Panel clearly stated that:

> This decision is a final Award as *all* claims and the Claimant's motion for partial summary judgment, and other relief submitted to this arbitration.  *All claims not expressly granted herein are hereby, denied.*

Once a complete award is rendered, an arbitrator becomes thereafter powerless to modify or make a new award on the same issues.  Thus, the arbitration award was a final and complete arbitration award and is not arbitrable.

## COUNT II – COLLATERAL ESTOPPEL

24. W&T Travel re-alleges Paragraphs 1-23 as if set forth fully herein.

25. Priority One is barred from seeking a second arbitration under the doctrine of collateral estoppel. The doctrine of collateral estoppel precludes relitigation of issues that were previously adjudicated.   Under collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action between the same parties.  Collateral estoppel applies to arbitration awards.

26.  Priority One's right to recover option years 3 and 4 was actually litigated in the arbitration and determined in the award.

27.  The offensive use of collateral estoppel may be used to estop a defendant from relitigating the issues which the defendant previously litigated and lost against a plaintiff.

## COUNT 3 – RES JUDICATA

28.  W&T Travel re-alleges Paragraphs 1-27 as if set forth fully herein.

29.  Defendant's second Demand is barred by the doctrine of *res judicata.*  Since the arbitration award is valid, final, on the merits, and on the same cause of action, the claim extinguishes all rights of Priority One to remedies against W&T Travel with respect to all or any part of the transaction, or series of connected transactions, out which the action arose.  A valid and final award of arbitration is given the same *res judicata* effect as a judgment of a court.

30.  This application of the doctrine of *res judicata* operates to prevent the splitting of a single course of action and the use of several grounds for recovery under the same action as the basis for separate suits.

31.  Priority One's second arbitration arises from the same Subcontract that was the subject of the first arbitration and arbitration award.  *Res judicata* applies when a proceeding between parties involves the same cause of action as a proceeding between the same parties in a prior case.  The pending arbitration clearly involves the same parties and the same cause of action as the prior case, and as a result, it should not be allowed to proceed.

## COUNT 4 – WAIVER OF RIGHTS

32.  W&T Travel re-alleges Paragraphs 1-31 as if set forth fully herein.

33.  The Commercial Arbitration Rules of the AAA empower the arbitrators to make, in addition to a final award, "other decisions, including interim, interlocutory or partial rulings, orders, and awards."  Thus, the arbitrators could have addressed the damages issued for option years 3 and 4 and the re-competition in a manner that would have preserved Priority One's right to re-bring a claim at a future date, but the arbitrators did not leave these issues open.  Instead, the arbitrators specifically denied the claims for option years 3 and 4, and Priority One did not

re-raise the issue after the award nor did it ever raise issues of its right in a re-competition of the contract.  Thus, Priority One waived its rights by not making any efforts to preserve them.

34.  During the arbitration proceedings Priority One expressly acknowledged the termination of the Subcontract by W&T Travel and specifically alleged that Plaintiff's termination constituted a *material,* not a *partial*, breach of the Subcontract by W&T Travel.  By doing so, Priority One elected its remedies and has already conceded that the Subcontract, upon which it now relies for its claims of *ad infinitum* recoveries, is no longer in existence.

35.  Although Defendant seeks additional damages from W&T Travel because Plaintiff won the re-competition of the prime contract, Defendant was on a team that competed *against* W&T Travel for the same prime contract, which hardly supports Defendant's assertion that the Subcontract in question was still applicable.  Plaintiff even had to write Priority One a letter admonishing it to cease and desist inducing W&T Travel employees to violate their confidentiality and non-compete agreements with Plaintiff.

## COUNT 5 – DAMAGES

36.  W&T Travel re-alleges Paragraphs 1-35 as if set forth fully herein.

37.  Priority One's second Demand is a frivolous claim.  As can be seen from this Complaint, it is very difficult to see a credible path of recovery for Defendant.  Plaintiff has put Defendant on previous notice of Plaintiff's position in this matter and has told Defendant that it would seek attorney's fees and costs at a minimum, which Plaintiff now seeks.

38.  The second Demand constitutes harassment of W&T Travel.  Priority One's counsel sent its demand letter directly to the CEO of W&T Travel and copied his wife.  Although W&T Travel's counsel was a co-addressee, Priority One's counsel did not have permission to contact Plaintiff's CEO directly, and he knew that W&T Travel's counsel represented Plaintiff because

there has been adversarial litigation between them representing the same parties throughout 2013 and as late as September 2013.  Claiming that he was only following the notice requirements of the Subcontract is not a credible excuse since all of Defendant's counsel's previous requests for additional damages were made to W&T Travel's counsel, one being just a few weeks prior to its direct, without consent, letter email to W&T Travel's Chief Executive.

39.  Defendant did not file its second Demand for arbitration until after its team lost the re-competition for the present contract after desperately trying to win it with admonishments from Plaintiff to "cease and desist" trying to make Plaintiff's employees break their confidential and non-compete agreements

40.  Thus, depending on the findings of the Court, Plaintiff reserves the right to seek other monetary damages, depending on the findings of this Court.

WHEREFORE, Plaintiff prays that this Court do the following:

1)  Enter a declaratory judgment declaring the arbitration award of October 18, 2010 and this Court's confirmation of that award in its Orders of August 23, 2011 and January 22, 2011, to be the final determination of the issues related to the Subcontract in that action and to bar Priority One from re-litigating the issues and claims of the Panel decision and Court Orders.

2)  Upon the filing of the appropriate motion by Plaintiff, stay the pending matter before the AAA until the rights of parties are ultimately decided by this Court.

3)  Order Defendant to pay reasonable attorney's fees and costs to Plaintiff, and other for engaging in a frivolous claim and any other damages as may become appropriate.

4)  Such other relief as this Court deems appropriate.

October 22, 2013                              Respectfully submitted,


                                   /s/Ralph C. Thomas III_____
                                   Ralph C. Thomas III #256974
                                   Attorney for Plaintiff
                                   Barton Baker Thomas & Tolle LLP
                                   1320 Old Chain Bridge Road, Suite 200
                                   McLean, VA 22101
                                   (703) 448-1810 ext. 23
                                   Email: rthomas@bbttlaw.com